UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRANK E STORK,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 3:20-CV-725 JD

**OPINION AND ORDER**

On April 5, 2022, this Court affirmed the Commissioner's social security determination and denied pro se Plaintiff Frank Stork's request that this Court reverse the Commissioner's decision and remand the case. (DE 28.) Mr. Stork had argued that the ALJ erred by failing to provide a logical bridge for his conclusions that Mr. Stork did not meet or equal the criteria of Listing 1.04(A), (B), or (C). The Court found that the ALJ's analysis when formulating the residual functional capacity ("RFC") provided a sufficient "explanation for why the ALJ determined that Mr. Stork did not meet Listing 1.04." (DE 28 at 6.) Accordingly, the Court found there was no reversible error.

Mr. Stork then filed a motion to reconsider and amend this Court's judgment based on newly discovered evidence pursuant to Federal Rule of Civil Procedure 59(e). (DE 30.) Rule 59(e) motions are only appropriate in limited circumstances: "to correct manifest errors of law or fact, to present newly discovered evidence, or where there has been an intervening and substantial change in the controlling law since the submission of the issues to the district court." *Scott v. Bender*, 948 F. Supp. 2d 859, 865 (N.D. Ill. 2013) (citing *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999)). "[A] Rule 59(e) motion is not appropriately used to advance

arguments or theories that could and should have been made before the district court rendered a judgment." *Cnty. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 819 (7th Cir. 2006).

The Court denies Mr. Stork's motion because he does not present any newly discovered evidence and merely rehashes arguments that were either previously made or could have been made. Mr. Stork first argues that a deposition by Dr. Ralph Carbone constitutes newly discovered evidence. In this deposition, Dr. Carbone testified that Mr. Stork suffered from "piriformis tenderness," meaning that if the piriformis muscle was pushed on, the muscle "hurts" and could result in "a muscle spasm." (DE 25-1 at 3:5–22.) However, this evidence is not new, as it was attached as an exhibit to Mr. Stork's October 1, 2021, reply brief, which was submitted prior to this Court issuing its opinion.

The rest of Mr. Stork's motion simply rehashes previously considered issues without directing the Court to any specific portion of its opinion that was in error, let alone "a manifest error of law or fact." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) ("A rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment."). For example, Mr. Stork argues that he satisfies Listing 1.04(A). However, he raised this argument in his opening brief. (DE 1 at 7–8.) In its order, the Court found that the ALJ provided a logical bridge to his conclusion by explaining that there were no objective findings showing focal or neurologic deficit, such as motor loss, which is required under Listing 1.04(A). (DE 28 at 8.) Mr. Stork's motion fails to explain why this Court's finding as to 1.04(A) constituted a manifest error in law or fact. Mr. Stork raises similar rehashed arguments as it relates to Listing 1.04(B) and 1.04(C), both of which were addressed in this Court's prior order. (DE 28 at 10 (explaining that the ALJ did not err in finding that Listing 1.04(B) was not met

because (1) counsel did not raise Listing 1.04(B) at the hearing and (2) Mr. Stork did not present evidence showing spinal arachnoiditis, as required by the listing); (DE 28 at 11 (explaining that the ALJ did not err in finding that 1.04(C) was not met because there was evidence supporting that Mr. Stork could ambulate effectively).)

Accordingly, because there was no manifest error of law or fact, and because Mr. Stork fails to direct the Court to any newly discovered evidence, the Court DENIES Mr. Stork's motion to reconsider. (DE 30.)

SO ORDERED.

ENTERED: March 16, 2023

/s/ JON E. DEGUILIO
Chief Judge
United States District Court