UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRANK E. STORK,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 3:20-CV-725 JD

**OPINION AND ORDER**

On April 5, 2022, this Court affirmed the Commissioner of Social Security's decision and denied pro se Plaintiff Frank Stork's request for remand. (DE 28.) Judgment was entered that same day. (DE 29.) Mr. Stork subsequently filed a motion under Federal Rule of Civil Procedure 59(e) to reconsider and amend the judgment, citing newly discovered evidence. (DE 30.) The Court denied the motion, finding that Mr. Stork had not presented any newly discovered evidence and had merely reiterated previous arguments or raised arguments that could have been made earlier. (DE 33.) Mr. Stork then appealed to the Seventh Circuit, but the appeal was dismissed on April 24, 2024, for failure to pay the filing fee. (DE 38.)

Almost a year later, on April 17, 2025, Mr. Stork filed a motion asking that the Court "correct plain error" arising from the Court's failure to "respond to [his] argument that he is incapable of performing his past relevant work." (DE 42 at 1.) The Court construes the motion as filed under Federal Rule of Civil Procedure 60(b).[1] This Rule provides grounds for relief from a

---

[1] A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment. *See id.* "When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, we treat it as a Rule 60(b) motion." *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014)

final judgment, including mistake, newly discovered evidence, fraud, or any other reason justifying relief. Motions under Rule 60(b) must be filed within a reasonable time, and for certain grounds (e.g., mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); fraud), no later than one year after the judgment." Fed. R. Civ. P. 60(b)(2). "A court must not extend the time to act under . . . Rule 60(b)." Fed. R. Civ. P. 6(b)(2).

Since Mr. Stork's motion comes more than three years after judgment was entered, it is untimely. First, to the extent he is relying on grounds such as mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud, the motion is two years late. Second, even if he seeks relief under the catchall provision of Rule 60(b)(6) ("any other reason that justifies relief"), he has not presented any valid basis for relief from judgment. Such relief is an "extraordinary remedy" granted "only in exceptional circumstances." *Karraker v. Rent-A-Ctr., Inc.*, 411 F.3d 831, 837 (7th Cir. 2005). For example, in *Davis v. Moroney*, 857 F.3d 748, 752 (7th Cir. 2017), the Seventh Circuit found such extraordinary relief warranted where a plaintiff with severe intellectual disabilities diligently pursued his case without an attorney and where his claims were potentially meritorious, and the district court had engaged in procedural irregularities. Other examples include situations where an attorney abandons the client without notice, *Maples v. Thomas*, 565 U.S. 266, 280–289 (2012) (abandonment of prisoner by his attorneys constituted "extraordinary circumstance[] beyond his control"), or the judge has a conflict of interest but fails to recuse, *see Liljeberg v. Health Servs. Corp.*, 486 U.S. 847, 863 & n.11, (1988) (relief based on fact that judge should have, but failed to, recuse himself), or judgment is mistakenly entered without notice, *see Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 342 (7th Cir. 2004) ("In the typical 'extraordinary' case, illustrated by both *Liljeberg* and

*Kapprott*, there just is no way the party seeking to set aside the judgment could have discovered the ground for doing so within a year of its entry."). None of these circumstances are present here, nor are they in any way equivalent.

Instead, Mr. Stork asserts that remand is necessary because he cannot lift 75 pounds—a requirement of his past relevant work—and that neither the ALJ nor the Court addressed this limitation. However, Mr. Stork has not shown that any alleged oversight by the Court justifies the extraordinary relief he seeks. After all, although the ALJ found that Mr. Stork is capable of performing his past relevant work, he also found—in the alternative—that "there are other jobs existing in the national economy that [Mr. Stork is also able to perform." (ALJ's Decision, DE 14, R. at 43.) In particular, based on the vocational expert's testimony, the ALJ found that Mr. Stork was able to perform such work as a document preparer, call-out operator, and addressor. (*Id*. R. at 44.) In his motion, Mr. Stork does not argue that the alternative finding is also flawed. In short, Mr. Stork has not shown that the judgment contains any error at all, let alone one so extraordinary as to justify relief under Rule 60(b)(6).

For these reasons, Court DENIES Mr. Stork's motion for relief from judgment. (DE 42.)

SO ORDERED.

ENTERED: May 28, 2025

                                                 /s/ JON E. DEGUILIO
                                                 Judge
                                                 United States District Court