UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRANK E. STORK,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 3:20-CV-725 JD

## OPINION AND ORDER

Four years ago, on April 5, 2022, this Court affirmed the decision of the Commissioner of

Social Security and denied pro se Plaintiff Frank Stork's request for remand. (DE 28, 29.) Mr.

Stork subsequently filed a motion under Federal Rule of Civil Procedure 59(e) to reconsider and

amend the judgment, citing newly discovered evidence. (DE 30.) The Court denied the motion,

finding that Mr. Stork had not presented any newly discovered evidence and had merely

reiterated previous arguments or raised arguments that could have been made earlier. (DE 33.)

Mr. Stork then appealed to the Seventh Circuit, but the appeal was dismissed on April 24, 2024,

for failure to pay the filing fee. (DE 38.)

A year later, on April 17, 2025, Mr. Stork again filed a motion under Rule 59(e), asking

that the Court "correct plain error" arising from the Court's failure to "respond to [his] argument

that he is incapable of performing his past relevant work." (DE 42 at 1.) The Court construed the

motion as filed under Rule 60(b), since motions under Rule 59(e) must be filed no later than 28

days after the entry of judgment. *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir.

2014). The Court denied the motion both as untimely and as lacking extraordinary circumstances

to warrant relief. (DE 44.)

Mr. Stork has now filed yet another motion seeking to remand his appeal to the Agency. This time, he explicitly invokes Rule 60(b)(6). He states that on September 22, 2025, he received from his former attorney in his personal injury case discovery filings containing medical evidence that contradicts the ALJ's June 17, 2019, decision. Most of this new evidence post-dates the ALJ's decision, and the several pieces of evidence that pre-date the decision relate to Mr. Stork's conditions that the ALJ had already considered. As before, the Court finds that Mr. Stork's latest motion is both belated and lacking the extraordinary circumstances warranting relief.

Rule 60(b) provides grounds for relief from a final judgment, including mistake, newly discovered evidence, fraud, or any other reason justifying relief. Motions under Rule 60(b) must be filed within a reasonable time, and for certain grounds (e.g., mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); fraud), "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1).

Although Mr. Stork filed the motion under subsection (6) of Rule 60(b), he bases his argument for remand on the ground that he received new evidence that had not been previously available to him through no fault of his own. This argument falls squarely within subsection (2) of the Rule: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Yet motions under this subsection must be brought within a year of the judgment. *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year

after the entry of the judgment or order or the date of the proceeding."). Since Mr. Stork's motion is filed nearly four years after judgment, it is untimely. And the fact that Mr. Stork couches it in terms of a motion under Rule 60(b)(6) is inconsequential. *See Berkeley IEOR v. Teradata Operations*, No. 17 C 7472, 2024 WL 6862144, at *3 (N.D. Ill. Aug. 13, 2024) ("[R]ule 60(b)(6) is only available when Rules 60(b)(1)–(5) are inapplicable, making [Plaintiff's] motion late by nearly three years . . . [which was] reason enough to deny it." (internal quotations and citation omitted)).

But even if the Court were to consider Mr. Stork's motion under the catchall provision of Rule 60(b)(6) ("any other reason that justifies relief"), he has not presented any valid basis for relief from judgment. Such relief is an "extraordinary remedy" granted "only in exceptional circumstances." *Karraker v. Rent-A-Ctr.*, 411 F.3d 831, 837 (7th Cir. 2005). For example, in *Davis v. Moroney*, 857 F.3d 748, 752 (7th Cir. 2017), the Seventh Circuit found such extraordinary relief warranted where a plaintiff with severe intellectual disabilities diligently pursued his case without an attorney and where his claims were potentially meritorious, and the district court had engaged in procedural irregularities. Other examples include situations where an attorney abandons the client without notice, *Maples v. Thomas*, 565 U.S. 266, 280–289 (2012) (abandonment of prisoner by his attorneys constituted "extraordinary circumstance[] beyond his control"), or the judge has a conflict of interest but fails to recuse, *see Liljeberg v. Health Servs. Corp.*, 486 U.S. 847, 863 & n.11, (1988) (relief based on fact that judge should have, but failed to, recuse himself), or judgment is mistakenly entered without notice, *see Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 342 (7th Cir. 2004) ("In the typical 'extraordinary' case, illustrated by both *Liljeberg* and *Kapprott*, there just is no way the party seeking to set aside the judgment could

3

have discovered the ground for doing so within a year of its entry."). None of these circumstances are present here, nor are they in any way equivalent.

Instead, Mr. Stork asserts that the ALJ's decision was wrong because it is contradicted by the evidence post-dating the decision. Mr. Stork largely relies on medical records from June 2020 through March 2021 (*see* Pl.'s Br., DE 45 at 4–11), but the ALJ issued the decision on June 17, 2019. Evidence of Mr. Stork's functioning in 2020 and 2021 is not relevant to the ALJ's 2019 decision. *See Thomas v. Astrue*, 769 F. Supp. 2d 1113, 1122 (N.D. Ill. 2011) ("Evidence that relates to a period after the ALJ's decision cannot serve as a basis for overturning the decision. Rather, if a claimant's health deteriorates after the ALJ issues a decision, the claimant should submit a new application for benefits." (citing *Getch v. Astrue*, 539 F.3d 473, 484 (7th Cir. 2008)). Moreover, although Mr. Stork relies on one medical record from March 2019 (*see id*. at 6), suggesting that his gait was abnormal, he has not shown that any alleged oversight by the Court justifies the extraordinary relief he seeks.

For these reasons, the Court DENIES Mr. Stork's motion to remand (DE 45).

SO ORDERED.

ENTERED: April 15, 2026

                                    _____/s/ JON E. DEGUILIO_____
                                    Judge
                                    United States District Court

4